The Memorandum Decision and Order below is hereby
signed.  Dated: January 4, 2008.



```
                    /s/ S. Martin Teel, Jr.
                    _____
                         S. Martin Teel, Jr.
                    United States Bankruptcy Judge
```

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PATRICK J. HOUSTON, | ) | Case No. 07-00113 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER REGARDING CHAPTER 13 TRUSTEE'S
OBJECTION TO UNTIMELY CLAIM OF AMERICAN EXPRESS CENTURION BANK

American Express Centurion Bank ("American Express") opposes disallowance of its untimely claim, and I assume (without deciding) that, as alleged by American Express, it did not receive notice of the bankruptcy case in time to file a timely proof of claim.  Nevertheless, the chapter 13 trustee's objection to the claim as untimely must be sustained.

There is no provision in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure for allowing American Express to file a proof of claim out of time in this chapter 13 case, and the court lacks the equitable power to alter the deadline for filing the proof of claim despite the lack of notice.  See In re Nwonwu, 362 B.R. 705 (Bankr. E.D. Va. 2007); In re Jensen, 333 B.R. 906 (Bankr. M.D. Fla. 2005); United States v. Meyer, 2004 WL

2203403  (N.D. Ill. Sept. 27, 2004); In re Barnes, 2004 WL 3135459 (Bankr. D.D.C. Dec. 10, 2004); In re McNeely, 309 B.R. 711 (Bankr. M.D. Pa. 2004); In re Wright, 300 B.R. 453, 458-59 (Bankr. N.D. Ill. 2003); In re Namusyule, 300 B.R. 100 (Bankr. D. D.C. 2003); In re Bennett, 278 B.R. 764, 765-66 (Bankr. M.D. Tenn. 2001); In re Brogden, 274 B.R. 287 (Bankr. M.D. Tenn. 2001).

As reflected by those decisions, disallowance of American Express's claim will have no impact on the claim other than to bar its being paid through plan payments, and thus disallowance of the claim will not deny American Express due process despite its lack of notice of the case.  Specifically, the claim will not be discharged.  First, based on the debtor's failure to insure that American Express received notice of the case, the claim cannot be discharged under 11 U.S.C. § 1328(c) as having been "provided for" by the plan.  Second, although American Express's claim is being disallowed as untimely under 11 U.S.C. § 502(b)(9), and a claim disallowed under § 502 is generally discharged under § 1328(c), American Express's claim is of a kind described in 11 U.S.C. § 523(a)(3) and hence falls within the exception to discharge under § 1328(c)(2).  Because the claim will not be discharged, American Express can seek relief from the automatic stay, to the extent necessary to treat American Express fairly in comparison to other creditors who were given proper

notice of the case, so that it may proceed with collection.

Because the confirmed plan provides for payment of claims without any postpetition interest or postpetition late charges, the debtor may prefer that American Express's claim be paid through the plan if it will otherwise escape discharge.  The debtor may be able to show excusable neglect justifying obtaining an enlargement of time under Rule 9006(b) for the debtor to file a proof of claim on behalf of American Express pursuant to Fed. R. Bankr. P. 3004.  See In re Moore, 247 B.R. 677 (Bankr. W.D. Mich. 2000) (discussing requirements of and entities to be served with such a motion).[1]  A failure by the debtor to seek such an enlargement of time might bear on whether the court would grant American Express relief from the automatic stay to proceed to collect its claim.

The claim would be an allowed claim had no one objected to the claim.  In re Nwonwu, 362 B.R. at 710.  The trustee elected to object to the claim as was her perogative.  Perhaps she did not realize that American Express failed to receive notice of the case, and did not consider that, accordingly, the debtor might seek to file a proof of claim on behalf of American Express if American Express's own proof of claim were disallowed as

---

[1] Because the plan provides for full payment of all claims, and the case is still relatively young, the belated filing of a claim on behalf of American Express might not cause any disruption or any significant adverse impact on holders of allowed claims.

3

untimely.  In any event, she has not withdrawn her objection. However, the court's Local Bankruptcy Rules do not provide for a reply to an opposition to an objection to claim, and so the court does not know what her reaction is to American Express's opposition.

In light of the foregoing, it is

ORDERED that after January 17, 2008, unless the trustee has filed a notice requesting to withdraw her objection to American Express Centurion Bank's claim, the court will proceed to issue an order disallowing the claim as untimely.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Kevin M. Fitzpatrick, Esq.